UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| HYUK WOO KWAN | : | DOCKET NO. 2:05-cv-1218<br>Section P |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| FRANK MONIN, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Hyuk Woo Kwan, pursuant to 28 U.S.C. § 2241. By this petition, petitioner challenges his post-removal-order custody. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

On July 7, 2004, petitioner was found to be removable by an immigration judge in Oakdale, Louisiana and ordered removed to the Republic of Korea. Petitioner appealed the decision of the immigration judge to the Board of Immigration Appeals (BIA), and on December 9, 2004, the BIA dismissed the appeal. Thereafter, petitioner filed a Motion to Reopen which was denied by the BIA on April 14, 2005.[1]

Petitioner filed this *habeas* petition on July 7, 2005, seeking to have the court order his release from post-removal-order custody. In support of his request, the petitioner claims that he has

---

[1]These facts are not presented in the record, but it was verified by the undersigned's office with the Immigration Court Information System, a telephonic, computerized service that provides status reports on past and pending immigration proceedings. This system may be reached at 1-800-898-7180, and it requires the petitioner's alien number (A42 404 812).

been detained beyond the presumptively reasonable removal period established by the Supreme Court in *Zadvydas v. Davis,* 121 S.Ct. 2491 (2001).

## LAW AND ANALYSIS

Petitioner is being detained in post-removal-order detention pursuant to INA §241(a)(6). This statute specifically allows for detention of certain inadmissible or criminal aliens beyond the 90 day removal period established by INA §241(a)(1). However, in *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under INA §241(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a presumptively reasonable period of detention for INS detainees following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

Petitioner's removal order became administratively final on April 14, 2005 when his motion to reopen was denied by the BIA. Accordingly, the court finds that although petitioner has been in the custody of immigration officials for more than one year, he has not been in custody pursuant to INA §241(a) for more than six months. For this reason,

IT IS RECOMMENDED that petitioner's challenge to his post-removal-order custody be DENIED as premature and that this petition be DISMISSED without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10)**

**BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 25th day of August, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE